IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>FRANK SILOUANGKHOTH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART GOVERNMENT'S MOTION TO STRIKE SUPPRESSION HEARING AND SET MATTER FOR BRIEFING<br><br><br><br><br><br>Case No. 2:10-CR-821 TS |

The Court has before it Defendant's First Motion to Suppress Pursuant to Local Rule DUCrimR 12-1(d) and Request for Evidentiary Hearing.[1] A hearing is currently set for this matter on December 13, 2010, at 2:30 p.m. The government, however, has filed a Motion to Strike Suppression Hearing and Set Matter for Briefing.[2] As the government's motion was not filed until December 6, 2010, Defendant has not yet had an opportunity to respond. After

---

[1]Docket No. 75.

[2]Docket No. 98.

1

reviewing the parties' respective motions, the Court will hold the hearing currently scheduled for December 13, 2010,[3] but will limit the subject matter of the hearing as detailed below.

## I. BACKGROUND

Defendant Silouangkhoth ("Defendant") is charged with possessing, with the intent to distribute, methamphetamine, N-benzylpiperazine, and marijuana. Defendant has moved the Court to suppress all evidence seized at his home and from his vehicle pursuant to a search conducted on April 18, 2010. Defendant's grounds for the motion to suppress are:

> [1] The Affidavit of Jerid Barney did not establish probable cause that evidence of a crime or other tangible evidence associated with criminal activity would be located at the home. [2] The warrant was not issued upon probable cause[,] sworn or under oath. [3] The warrant and affidavit do not comply with Rule 40 of the Utah Rules of Criminal Procedure or 28 U.S.C. § 1746. [4] The procedure followed in securing the warrant, conducting the search, and the post-search requirements of Rule 40 were not followed.[4]

The government argues that the evidentiary hearing should be stricken because the search in this case was executed pursuant to presumptively valid warrants and that the Defendant has failed to carry its burden of production to bring forth sufficient proof supporting its motion to suppress. The government contends that Defendant has only brought forth conclusory allegations, which allegations are insufficient to entitle Defendant to proceed with his challenge of the validity of the search warrants.[5]

---

[3]The government has requested the hearing be rescheduled due to a scheduling conflict. The Court will reschedule this hearing by separate notice.

[4]Docket No. 75, at 2.

[5]*See Franks v. Delaware*, 428 U.S. 154 (1978).

2

In light of its position that an evidentiary hearing is not warranted, the government states that it will not present any witnesses at the hearing and has provided as exhibits to its motion the only evidence it deems necessary: the two warrants executed on Defendant and his premises.

## II. DISCUSSION

The government's motion to strike is based on the assumption that Defendant's motion to suppress is based entirely upon a challenge to the validity of the search warrants and their underlying affidavits. In reviewing Defendant's motion to suppress, it appears that the government's assumption is correct for all of the grounds except a portion of Defendant's fourth ground—namely, "[t]he procedure followed in . . . conducting the search and the post-search requirements of Rule 40."[6] While this portion of the fourth ground relates to the search warrants, it does not directly challenge the validity of the search warrants. Instead, it challenges the procedures followed in conducting the search and the procedures followed after the search had been conducted. On these issues the Defendant is entitled to an evidentiary hearing.

As to Defendant's other grounds, however, the Court finds an evidentiary hearing to be unnecessary. Defendant's remaining grounds challenge whether the search warrants or their supporting affidavits were based on probable cause. As the case law makes clear, such determinations are made by evaluating the face of these documents, unless the defendant has brought forth proof in its moving papers to call into question their facial validity.[7] Defendant has

---

[6]Docket No. 75, at 2.

[7]*See United States v. Tisdale*, 248 F.3d 964, 971 (10th Cir. 2001) (noting that "in reviewing whether probable cause existed for issuing a search warrant, the test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that

3

brought forth no such proof and the Court therefore finds an evidentiary hearing on the issue of whether probable cause existed for the warrants or their supporting affidavits unnecessary at this time. Because these issues are strictly legal determinations, the Court will set this matter for briefing as outlined at the evidentiary hearing.

As a final note, the Court disagrees with the Government's contention that Defendant is seeking a *Franks* hearing.[8] A *Franks* hearing is limited to challenges to the veracity of an affidavit supporting a search warrant.[9] Based on a plain reading of Defendant's motion, it does not appear at this time that Defendant is attempting to challenge the veracity of the underlying affidavits. Instead, Defendant's challenges are aimed at the sufficiency of the underlying affidavits. As discussed above, such challenges are strictly legal determinations to be made upon the face of the documents.

### III. CONCLUSION

It is therefore

ORDERED that the Government's Motion to Strike Suppression Hearing and Set Matter for Briefing (Docket No. 98) is DENIED IN PART and GRANTED IN PART. The evidentiary hearing will be limited to the issue of whether proper procedures were followed during the

---

evidence of a crime will be found at the place searched"(internal quotation marks and citation omitted)); *see also Massachusetts v. Upton*, 466 U.S. 727, 733 (1984) (noting that an inquiry into the sufficiency of probable cause is not to be conducted as a *de novo* proceeding).

[8] *See Franks*, 428 U.S. at 171.

[9] S*ee id.* (summarizing procedures by which a defendant can challenge the veracity of an affidavit supporting a search warrant).

execution of the warrant and after execution of the warrant. All issues can then be briefed together in accordance with the schedule put in place at the evidentiary hearing.

DATED  December 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge