IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FRANK SILOUANGKHOTH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO SUPPRESS<br><br>Case No. 2:10-CR-821 TS |

The Court has before it Defendant Silouangkhoth's ("Defendant") First Motion to Suppress Pursuant to Local Rule DUCrimR 12-1(d) and Request for Evidentiary Hearing[1] and Defendant's Second Motion to Suppress Pursuant to Local Rule DUCrimR 12-1(d) and Request for Evidentiary Hearing.[2] A hearing was held in this matter on December 13, 2010. There, the Court noted that the Motions to Suppress were not yet ripe for an evidentiary hearing because the Motions primarily concerned legal challenges to the warrants which authorized the searches at issue. The Court ordered additional briefing on the legal issues raised in the Motions and

---

[1]Docket No. 75.

[2]Docket No. 107.

1

informed the parties that, upon review of the briefing, the Court would reschedule an evidentiary hearing if necessary.

Having reviewed the legal arguments in support of the Motions to Suppress, the Court finds an evidentiary hearing unwarranted and will deny the Motions. For the following reasons, the Court finds that the warrants at issue in this case were proper and that the fruits of those searches will not be suppressed.

## I. BACKGROUND

Defendant is charged with possessing, with the intent to distribute, methamphetamine, N-benzylpiperazine, and marijuana. Defendant has moved the Court to suppress all evidence seized under three warrants: Search Warrant No. 1039801 ("Ogden Warrant"), Search Warrant No. 1039881 ("FedEx Warrant"), and Search Warrant No. 1040081 ("Syracuse Warrant").[3]

Defendant contends that the evidence seized under these warrants should be suppressed on two grounds. First, as to the FedEx Warrant, Defendant contends that the evidence seized under this warrant should be suppressed because it inaccurately describes the area to be searched. Second, as to all three warrants, Defendant argues that the affidavits submitted by Detective Barney in support of these search warrants were not sworn documents, which fails to satisfy the requirements of the Fourth Amendment. Defendant contends that, as these warrants were issued on affidavits which fail

---

[3]*See* Docket No. 122, at 1-2. In the government's response, Docket No. 126, it attaches the three warrants which it states are at issue in this case, which includes Search Warrant No. 1040061, a warrant not identified by Defendant. The government's attachments do not include Search Warrant No. 1039801.

to satisfy the Fourth Amendment, the Court should suppress the evidence seized under these warrants. The Court will address each of these contentions in turn.

## II. DISCUSSION

A.    THE FEDEX WARRANT

Defendant contends that the Court should suppress the evidence seized under the FedEx Warrant because the description of the area to be searched was inaccurate. The FedEx warrant concerned two packages, identified by FedEx tracking numbers 871449088428 and 98572273384.

The government argues that Defendant lacks standing to challenge the FedEx warrants because he has not met his burden to demonstrate he had a manifested and subjective expectation of privacy in the seized packages. The government notes that Defendant is neither the listed addressee nor the sender on the package. The only evidence before the Court is Defendant's unexplained statement in his Second Motion to Suppress that "he had control over or had a property interest in the contents."[4]

Generally, a defendant who is neither the sender nor the addressee lacks a privacy right in a seized package.[5] Unless the defendant can demonstrate a legitimate property interest in the contents—such as the package having been addressed to the defendant under a fictitious name[6]—

---

[4]Docket No. 107, at 2.

[5]*United States v. Wood*, 6 F. Supp. 2d 1213, 1223 (D. Kan 1998); *United States v. Cantrall*, 762 F. Supp. 875 (D. Kan. 1991); *see also Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (person aggrieved by illegal search of another's premises or property suffers no Fourth Amendment violation).

[6]*See United States v. Villarreal*, 963 F.2d 774-75 (5th Cir. 1992).

the Court presumes that a defendant who is neither a sender nor recipient lacks a privacy right in a seized package. In the instant matter, Defendant has failed to explain the nature of his property interest in the seized package. Instead, Defendant rests upon a conclusory allegation that he has such an interest in, or control over, the property. The Court finds such conclusory allegations insufficient and, therefore, that Defendant lacks standing to challenge the FedEx Warrant.

The Court further notes that, even if Defendant had standing, his contention fails as a matter of law. Defendant complains that the FedEx warrant describes the property as being located in the City of Orem, Utah, rather than in West Valley City, Utah, where the property was actually seized. Defendant contends that this inaccuracy fails to satisfy the Fourth Amendment mandate that "no Warrants shall issue . . . without particularly describing the place to be searched."[7]

As held by the Tenth Circuit,

> "The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search the specific areas . . . , the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."[8]

When assessing the sufficiency of a warrant's description, "practical accuracy rather than technical precision controls our determination of the adequacy of a warrant's description of the

---

[7] U.S. Const. amend. IV.

[8] *United States v. Riccardi*, 405 F.3d 852, 861-62 (10th Cir. 2005) (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)).

4

place to be searched."⁹ Thus, the Fourth Amendment is satisfied even where "one part of the description is inaccurate," so long as the "description has other accurate information to identify the place to be searched with particularity."¹⁰

Turning to the warrant at issue, the warrant specifically limits the search to two packages, both of which are identified by FedEx tracking numbers, located at FedEx's premises. Far from a general search, the warrant particularly describes the exact packages which are the subject matter of the search and seizure. Although the packages were eventually located at a FedEx facility in West Valley City, Utah, rather than Orem, Utah, the warrant description contained specific information to limit the search to two, and only two, FedEx packages at FedEx's premises, which packages were in transit when the warrant was issued. Such is sufficient to satisfy the requirements of the Fourth Amendment.

B.  THE SUPPORTING AFFIDAVITS

Defendant argues that the evidence seized under the three identified warrants must be suppressed because the supporting affidavits of Detective Barney were not sworn to under oath, which is a violation of the Fourth Amendment.¹¹ Defendant notes that the timing, structure, and

---

⁹*United States v. Brakeman*, 475 F.3d 1206, 1211 (10th Cir. 2007) (internal quotation marks and citation omitted).

¹⁰*Harmon v. Pollock*, 446 F.3d 1069, 1078 (10th Cir. 2006); *see also Brakeman*, 475 F.3d at 1211 ("A technically wrong address does not invalidate a warrant if it otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched.") (internal quotation marks and citation omitted).

¹¹*See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) ("The Fourth Amendment states unambiguously that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'")

5

language of the affidavit makes clear that Detective Barney submitted the affidavits as unsworn declarations.

> Defendant concedes that Utah law allows for such an unsworn declaration:
>
> (1) If the Utah Rules of Criminal Procedure, Civil Procedure, or Evidence require or permit a written declaration upon oath, an individual may, with like force and effect, provide an unsworn written declaration, subscribed and dated under penalty of this section, in substantially the following form:
> "I declare (or certify, verify, or state) under criminal penalty of the State of Utah that the foregoing is true and correct.
> Executed on (date).
> (Signature)".
> (2) A person who knowingly makes a false written statement as provided under Subsection (1) is guilty of a class B misdemeanor.[12]

Defendant argues, however, that because Detective Barney's declaration mirrored the Utah Code language of "under criminal penalty," rather than "under penalty of perjury" as required by the federal analog, 28 U.S.C. § 1746, Detective Barney's unsworn declaration does not constitute an "oath" for purposes of the Fourth Amendment.

The Court finds that Defendant's contention fails on two grounds. First, Defendant provides no case law to suggest that an affidavit which complies with state law, submitted in support of a state issued warrant, must comply with 28 U.S.C. § 1746 to satisfy the Fourth Amendment. Second, even assuming 28 U.S.C. § 1746 was applicable to the instant action, the clear language of the statute states that the language of the unsworn declaration must be "in substantially the following form."[13] Thus, exact precision is not required. Rather, the language

---

[12] Utah Code Ann. § 78B-5-705.

[13] 28 U.S.C. § 1746.

of the declaration must, in *substantially* the same form, declare that the statement is made "under penalty of perjury." Defendant provides no basis, either in case law, statute, or reason, to suggest that the Utah Code language of "under criminal penalty" is not substantially similar to the United States Code language of "under penalty of perjury." The Court sees no appreciable difference between the Utah Code language and the language provided in the United States Code. The Court, therefore, finds that the affidavit of Detective Barney was sufficient for Fourth Amendment purposes and denies this ground for relief.

III. CONCLUSION

It is therefore

ORDERED that Defendant's First Motion to Suppress Pursuant to Local Rule DUCrimR 12-1(d) and Request for Evidentiary Hearing (Docket No. 75) and Defendant's Second Motion to Suppress Pursuant to Local Rule DUCrimR 12-1(d) and Request for Evidentiary Hearing (Docket No. 107) are DENIED. It is further

ORDERED that, under 18 U.S.C. § 3161(h)(1)(D), the time from the filing of the earlier of these two Motions to the date of this Order is excluded under the Speedy Trial Act

DATED   April 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge